CHARLES D. READ *v.* ELIAKIM AMIDON AND CRAWFORD AMIDON.

*Evidence.*

In an action for damages for commencing a suit, and suffering it to be discontinued by the non-attendance of the justice, testimony tending to show that the plaintiffs in that suit paid the defendant his taxable costs after the discontinuance, is admissible, the case being tried upon the general issue and notice of such payment.

Evidence that the justice was expected at the place of trial to try the case, is also admissible, as tending to show that the then plaintiffs were not acting in bad faith.

THIS is an action of trespass on the case for commencing suit against the plaintiff before a justice of the peace, and suffering the same to be discontinued by the non-attendance of the justice.

Plea, the general issue and notice of payment of $17.27. taxable costs. Trial by jury, April Term, 1867, BARRETT, J., presiding.

Upon the trial, the plaintiff introduced testimony tending to show that the defendants commenced an action upon the common counts in assumpsit returnable before Amori Benson, justice of the peace, on the 14th of October, 1865, at the inn of one of the then plaintiffs, in Winhall; that he attended at the time and place set for trial with counsel and witnesses; that he called for a specification of the plaintiffs' claim, which was refused; that Justice Benson did not attend, and another justice continued the suit to October 21st; that on the 21st day of October he again attended at the time and place of trial with his counsel and witnesses; that Justice Benson did not attend, and the suit was discontinued by his non-attendance; that Justice Benson received no notice of the disposition made of the suit, or the time to which it had been continued, until October 31st; that the plaintiff's damages in attending on both occasions, besides taxable costs, amounted to $35. The plaintiff conceded that he had been paid his taxable costs, and claimed nothing in that behalf.

The defendants introduced testimony tending to show that on the 19th day of October, one of them requested a man going past Justice Benson's house, to stop and notify the justice that the suit had been continued to the next Saturday; that the man requested a note to

12

give the justice, which was furnished by the defendant in these words : " Mr. Benson, Esq., the suit is adjourned to Saturday next, at 10 o'clock," without date or signature ; that Justice Benson received the note the same day, but supposed it referred to another suit pending before him.

The defendants called a witness who testified that he attended as counsel for the defendants on the day to which the suit was adjourned, and, under objection by the plaintiff, was permitted to testify that after the suit was discontinued by the non-appearance of the Justice he saw the plaintiff about leaving, went to him with twelve dollars in his hand, and told him he wanted to pay the taxable costs before the plaintiff left ; that the plaintiff referred him to his counsel ; that he saw the plaintiff's counsel, who figured up the taxable costs, but refused to let him see the names of the plaintiff's witnesses ; that the defendants furnished him with money, and he paid the amount taxed to the plaintiff's counsel, who said, at the time he took it, that the plaintiff claimed more than the taxable costs ; that the defendant then said that he supposed that was going to settle up the matter, so he should'nt be sued down to Jamaica, and if it wasn't going to settle it, the money had better be paid back ; that the plaintiff's counsel kept the money, and they separated. That the justice, Benson, was expected to be there to try the case until the time was nearly out. To the admission of this evidence the plaintiff excepted.

Upon the whole evidence, the only point for question was, and the case was submitted to the jury upon the point, whether the defendants used proper care and diligence in giving notice to said justice of the time to which said justice suit had been continued, under a charge to which no exception was taken. Verdict for the defendants.

*H. H. Wheeler*, for the plaintiff.

*Chas. N. Davenport*, for the defendants.

The opinion of the court was delivered by

PROUT, J.　One question reserved in this case relates to the testimony introduced by the defendants, showing that after the suit in

favor of the defendants against the plaintiff, and pending before Justice Benson, was discontinued by his non-attendance at the place and on the day to which it had been continued, the defendants paid the plaintiff's taxable costs, incurred in that suit. The case was tried upon the general issue and notice of payment of those costs. The question was then distinctly presented, under the issue, and the evidence was admissible, not only for that reason, but as mitigating or reducing the plaintiff's damages.

The evidence that the justice was expected at the place of trial to try the case, was also admissible, as tending to show that the defendants were not acting in bad faith. It had no relevancy, to be sure, to the question upon which the cause was submitted to the jury. That was whether the defendants used proper care and diligence in giving the justice notice of the continuance of the suit. Upon the point, as to the correctness of the charge, no exception was taken, and the judgment of the county court is affirmed.